UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- X
RICARDO VELASQUEZ,                                             :
                                                               :
                                  Plaintiff,                   :
                -against-                                      :
                                                               :
BMZ EV LLC, a New York limited liability                       :
company, d/b/a BANH MI ZON, and LELDS                          :
ASSOCIATES LLC, a New York limited liability                   :
company,                                                       :
                                                               X
                                  Defendant.
-------------------------------------------------------------
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/30/22

22-CV-3726 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on May 8, 2022, Plaintiff sued BMZ EV LLC and Lelds Associates LLC alleging that their failure to make their premises accessible to disabled persons violates the Americans with Disabilities Act ("ADA") and the New York City Human Rights Law, Dkt. 1;

WHEREAS to establish constitutional standing, a plaintiff must adequately allege (1) a concrete, particularized, actual, or imminent injury-in-fact; (2) a causal connection between the injury and the conduct complained of such that the injury is "fairly traceable to the challenged action of the defendant;" and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision from the Court, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 576 (1992) (internal quotation marks omitted);

WHEREAS the Court may raise the question of standing *sua sponte* because standing is a threshold matter of justiciability, and if a plaintiff lacks standing to sue, the Court has no choice but to dismiss the plaintiff's claim for lack of subject-matter jurisdiction, *see Thompson v. Cnty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994); *Cent. States SE & SW Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005);

1

WHEREAS a plaintiff bringing a claim pursuant to the ADA has standing to sue for injunctive relief if "(1) the plaintiff allege[s] past injury under the ADA; (2) it [is] reasonable to infer that the discriminatory treatment [will] continue; and (3) it [is] reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [defendant's business] to plaintiff's home, that plaintiff intend[s] to return to the subject location," *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013); a plaintiff must plausibly allege "a real and immediate threat of future injury" for his or her complaint to meet the third prong, *Calcano v. Swarovski et al.*, 36 F.4th 68, 75 (2d Cir. 2022) (citation omitted);

WHEREAS the allegations in the complaint in this action likely fail adequately to allege standing;

IT IS HEREBY ORDERED that, by no later than **September 7, 2022**, Plaintiff must seek leave to file an amended complaint that adequately alleges standing or show cause as to why the case should not be dismissed for lack of standing.

**SO ORDERED.**

Date:  August 30, 2022
       New York, New York

       **VALERIE CAPRONI**
       **United States District Judge**